## Scott *v.* Jackson.

Where mortgaged property is sold and the proceeds of the sale are insufficient to pay the mortgage debt, the mortgagor is personally liable for the remainder of the debt, unless it was a part of the agreement that the mortgagee should rely solely upon the mortgaged premises.

### IN CHANCERY from Ste. Genevieve county.

Tompkins, J., delivered the opinion of the Court.

Scott filed his bill in the Circuit Court of Ste. Genevieve county, stating that on the 12th day of July, 1815, Jackson executed to him his deed of mortgage for certain land, to secure to Scott the sum of five hundred dollars, by Scott to Jackson paid; that Jackson failing to pay the said sum of money according to agreement, he (Scott) filed in the Circuit Court of Ste. Genevieve county, his petition for the foreclosure of said mortgaged premises, and for the sale of said mortgaged premises, to pay the said five hundred dollars and the interest thereon due; that said property was sold for one hundred and eleven dollars, and that no other or further sum of money had been paid him, and prays the following questions may be answered by the defendant:

First. Whether Jackson did not borrow the sum of five hundred dollars in said mortgage ment'oned, at the time mentioned, and on the conditions mentioned; and if (105) not, what sum of money did he borrow, and at what time, and on what conditions?

Second. Whether said mortgage was not made to Scott merely as a security for said sum of five hundred dollars with interest, &c.; and if not, for what purpose was it made?

Third. Whether said mortgaged premises were not as before stated, sold for the sum of one hundred and eleven dollars, and if not, for what sum were the same sold, and for how much, and when were they sold?

Fourth. Whether he, Scott, has been paid by Jackson or by *any* person for him, any other and further sum than the said sum of $111; and if so, what sum has been paid, and when, and by whom, and to whom?

Fifth. Whether the said sum of five hundred dollars with interest thereon from the date of said motgage until the (then) present time is not justly due to Scott, after deducting the said sum of $111; and if not, what is due?

Sixth. Whether the proceedings mentioned in the bill to have been had for the foreclosure of said mortgage have not been had, and if not, what proceedings have been had, and how and when?

And it is then prayed that Jackson may be decreed to pay the remaining part of the aforesaid sum of $500 with interest thereon due.

To the interrogatories the defendant answers, that he never did borrow of the said John Scott the said sum of five hundred dollars or any sum at any time, or on any conditions, and that said mortgage was given to secure the payment of the said sum

Scott v. Jackson.

of five hudred dollars to said Scott, so far as said mortgaged premises would secure the payment of that sum, and no farther; and to leave it in the power of the respondent to pay the said five hundred dollars, or forfeit the mortgaged premises at his pleasure.

The complainant excepted to the answer ;. first because the defendant did not state whether the said mortgaged premises did not as in the bill stated, sell for $111, and no more.

Second. Because the defendant did not state whether the complainant had been paid by the defendant any other sum than the said sum of $111; and if so, what sum, &c.

Third. Because the defendant did not state whether the said sum of $500, with interest till the (then) present time, was not justly due to the complainant, after deducting therefrom the said sum of $111; and if not, what sum was due to the complainant.

(106)    Fourth. Because the defendant did not state whether the proceedings in the bill stated to have been had for the foreclosure of said mortgage and for the sale of the mortgaged premises, had not been had; and if not, what proceedings had been had.

It is assigned for error among other things, that the exceptions taken to the defendant's answer were overruled in the Circuit Court.    Many other errors were assigned, some of which were assigned from wrong impressions of the state of the record. The counsel for the plaintiff in error, not having it before him, and the Court does not at this time think it material to decide on others.    The counsel for the defendant in error, assumes the ground, that the bill does not contain sufficient equity to warrant a decree.    This Court thinks otherwise.    It is also the opinion of the Court, that the exceptions to the answer were well taken.

The judgment of the Circuit Court is, therefore, reversed, and the cause remanded, for further proceedings.